UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARITO MEZA,<br><br>    Defendant. | Case No. 22cr2700-RBM<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title and interest in property of Defendant MARGARITO MEZA ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(5) as property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly as a result of a violation, or conspiracy to commit a violation of Title 18, United States Code, Section 2312; pursuant to Title 18, United States Code, Sections 3665 as firearms and ammunition found in possession or under the immediate control of defendants at the time of their arrest; and pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as firearms and ammunition involved in the offense, as charged in Count 4 of the Indictment; and

WHEREAS, on or about October 19, 2023, Defendant pled guilty before Magistrate Judge Daniel E. Butcher to Count 4 of the Indictment, which plea included consents to the forfeiture allegations of the Indictment, and consent to all properties seized in connection

with this the case, including but not limited to, an agreement to pay and forfeit to the United States the amount of **$10,000** in U.S. dollars as proceeds traceable to the offense, which Defendant agrees he personally received, as set forth in Count 4, which forfeiture shall be included and incorporated as part of the judgment in this case, and the following specific properties, which defendant agrees are forfeitable to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c):

    a. One (1) Keltec 9 mm pistol;

    b. Ten (10) rounds of 9 mm ammunition; and

WHEREAS, on December 6, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement, the financial addendum, and guilty plea, the Court hereby determines that the **$10,000** represents proceeds traceable to the offense, which Defendant personally received, as set forth in Count 4; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and money judgment, and the offense; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture money judgment; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based on the guilty plea to Count 4 of the Indictment, Defendant MARGARITO MEZA shall forfeit to the United States the sum of $2,521,100.00 in the form of a personal forfeiture money judgment against him pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(5), and 28 U.S.C. § 2461(c) representing the proceeds he received from his involvement in the offense set forth in Count 4. The forfeiture money judgment is in favor of the United States against Defendant MARGARITO MEZA, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

3. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the guilty pleas of the Defendant to Count 4 of the Indictment, all right, title, and interest of Defendant MARGARITO MEZA in the following properties, are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c):

   a. One (1) Keltec 9 mm pistol;

   b. Ten (10) rounds of 9 mm ammunition.

6. The aforementioned assets are to be held by Homeland Security Investigation in its secure custody and control.

7. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the

Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

8. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

11. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

12. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

DATED: 1/5/2024

Honorable Ruth Bermudez Montenegro
United States District Judge